UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00011-MR

| | |
|---|---|
| JESSE N. FRISBEE, ) ) Plaintiff, ) ) vs. ) ) BUNCOMBE COUNTY DETENTION ) FACILITY, et al., ) ) Defendants. ) _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A.[1] Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I. BACKGROUND**

Pro se Plaintiff Jesse N. Frisbee ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina. He filed this action on January 11, 2023 pursuant to 42 U.S.C. § 1983 against Defendants Buncombe County Detention Facility (BCDF) and FNU Owens, identified as a Correctional Officer at the BCDF, in his individual

---

[1] Plaintiff filed a separate, but similar action in the Eastern District of North Carlina, which was transferred to this Court. [Case No. 1:23-cv-00017-MR]. The Court will address that action in a separate order.

and official capacities, on behalf of his deceased mother, Maria Frisbee. [Doc. 1]. Plaintiff alleges as follows. On February 22, 2022, Ms. Frisbee was "very clearly intoxicated" during the booking process at that BCDF and, at some point, she admitted that she had swallowed drugs. Despite her intoxication and drug ingestion, she was placed in a cell where Defendant Owens later discovered her dead. [Id. at 5]. Plaintiff makes claims of negligence, wrongful death, and deliberate indifference. [Id.]. For injuries, Plaintiff alleges that his mental health has suffered greatly from the loss of his mother. [Id. at 7]. For relief, Plaintiff states only that he "would like to start a lawsuit against Buncombe County Detention Facility." [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, "[s]imply being a relative of a deceased person does not give one standing to bring a Section 1983 lawsuit…." Boston v. Davis, No. 3:11CV450, 2011 WL 6935710, at *3 (W.D.N.C. Dec. 29, 2011). "Federal courts are to apply state law in deciding who may bring a § 1983 action on a decedent's behalf." Williams v. Bradshaw, 459 F.3d 846, 848 (8th Cir. 2006) (citations omitted). Under North Carolina law, the duly appointed personal

representative of the decedent's estate may bring claims on behalf of the beneficiaries of the estate. N.C. Gen. Stat. § 28A-18-2(a). Thus, "[t]o have standing to bring this Section 1983 action, which is in the nature of a wrongful death action, plaintiff must first be qualified and appointed under North Carolina law as the administrat[or] of the estate of the deceased and then must bring the action in [his] capacity as administrat[or] of the estate rather in [his] individual capacity." Boston, 2011 WL 6935710, at *3.

Plaintiff here has not alleged that he is the personal representative of his deceased mother's estate, nor could Plaintiff carry out the functions of a personal representative while incarcerated, in any event. Thus, Plaintiff lacks standing to bring this action and the Court lacks jurisdiction to hear it as presented. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998) ("Standing to sue is part of the common understanding of what it takes to make a justiciable case."). Because allowing Plaintiff to amend his Complaint would, under the circumstances, be futile, the Court will dismiss Plaintiff's Complaint without prejudice to the appropriate action being brought by the duly appointed personal representative of Ms. Frisbee's estate.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice in accordance with the terms of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED** without prejudice in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge